IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| AMAL BOUGHALEB, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:21-cv-1202 (RDA/JFA) |
| ) | |
| COMMISSIONER OF SOCIAL ) | |
| SECURITY, ) | |
| ) | |
| Defendant. ) | |

## **ORDER**

This matter comes before the Court upon the Report and Recommendation ("Recommendation") issued by Magistrate Judge John F. Anderson on May 25, 2022. Dkt. 23. In this Social Security Administration appeal, Judge Anderson recommends that the Court affirm the Commissioner of Social Security's final decision denying benefits for the period of November 6, 2017, through the date of the Administrative Law Judge's ("ALJ") March 25, 2021 decision. Pursuant to Federal Rule of Civil Procedure 72(b)(2), the deadline for submitting objections to Judge Anderson's Recommendation was fourteen days after the Recommendation was entered. On June 7, 2022, Plaintiff timely filed an objection to the Recommendation. Dkt. 24. Defendant responded to Plaintiff's objection on June 21, 2022. Dkt. 26.

I. Threshold Issue of Plaintiff's Objection

Plaintiff makes a single objection to the Recommendation, arguing that the ALJ improperly evaluated the opinions provided by Plaintiff's treating physician. According to Plaintiff, the ALJ and the Commissioner took an unduly narrow view of the record in determining that Plaintiff's impairments were not as severe as she alleged. Plaintiff cites 20 C.F.R. § 404.1520c, arguing that this new regulation precludes an ALJ from deferring or giving any specific evidentiary weight to

medical opinions or prior administrative medical findings, and instead must examine medical opinions for consistency and supportability.

Plaintiff's objection is not properly before this Court because the objection amounts to mere restatement of the arguments made in Plaintiff's motion for summary judgment. *See* Dkt. 16. "A mere restatement of the arguments raised in the summary judgment filings does not constitute an 'objection' for the purposes of district court review." *Nichols v. Comm'r of Soc. Sec.*, 100 F. Supp. 3d 487, 497 (E.D. Va. 2015) (internal citations omitted). Judge Anderson has already considered, and rejected, Plaintiff's argument that the ALJ improperly evaluated her doctor's ("Dr. Orfaly") opinions in violation of 20 C.F.R. § 404.1520c. Dkt. 23 at 15-22. Thus, the Court need only review the Recommendation using a "clear error" standard. *See Lee v. Saul*, 2019 WL 3557876, at *1 (E.D. Va. Aug. 5, 2019) (citing *Veney v. Astrue*, 539 F. supp. 2d 841, 844-46 (W.D. Va. 2008)).

A. Merits of Plaintiff's Objection

Assuming Plaintiff's objection does not simply restate arguments already raised in summary judgment briefing, this Court conducts a *de novo* review of the record to determine whether to adopt the Recommendation. Judge Anderson's Recommendation thoroughly considered Plaintiff's arguments and concluded that Dr. Orfaly's opinions were unsupported by the evidence on which he relied, and that they were inconsistent with other relevant evidence on the record. This analysis tracks closely with 20 C.F.R. § 404.1520c, which provides that a medical opinion is persuasive to the extent that: (1) objective medical evidence and explanations presented by the medical source itself support the opinion, and (2) the opinion is consistent with evidence from other medical and non-medical sources. *See* 20 C.F.R. § 404.1520c.

1. Supportability of Dr. Orfaly's Opinion

In considering whether a medical opinion is supported, the regulation instructs that a medical source's opinions are persuasive to the extent that the source presents relevant, "objective medical evidence and supporting explanations." 20 C.F.R. § 404.1520c (c)(1). The ALJ's view that Dr. Orfaly's opinions were unsupported by the materials on which he relied is supported by substantial evidence. For example, while Dr. Orfaly claimed that Plaintiff had "extensive exertional and postural limitations," his treatment records "noted normal neurological findings and lacked any musculoskeletal testing to support these limitations." Dkt. 23 at 17-18. Plaintiff's objection does not address these weaknesses, instead arguing, as previously argued in their motion for summary judgment (Dkt. 16 at 9-10), that Dr. Orfaly conducted tests which found that Plaintiff suffered from disequilibrium and vertigo. Dkt. 24 at 4. Yet, as Judge Anderson notes, this evidence had already been adequately considered by the ALJ when they determined her residual functional capacity ("RFC"), and Plaintiff never attempted to explain how this dizziness supported any of Dr. Orfaly's "extensive exertional and postural limitations." Dkt. 23 at 18.

Plaintiff's objection also reiterates Dr. Orfaly's findings that Plaintiff was limited in her capacity for "reaching, pushing and pulling, and fine and gross manipulation." Dkt. 24 at 2. Judge Anderson properly considered this to be unsupported, as Plaintiff demonstrated "consistently normal range of motion, gait, and station, and that motor and sensory findings were intact." Dkt. 23 at 18.

Finally, Judge Anderson found that Dr. Orfaly's predictions about Plaintiff's communicative limitations lacked support, as Dr. Orfaly's various treatment records contradicted one another. Dkt. 23 at 19. For example, while Dr. Orfaly's treatment notes indicated that Plaintiff had a "normal ability to communicate," his November 12, 2018 letter sent one week later stated

3

that Plaintiff "was unable to communicate or perform her job duties." Dkt. 23 at 19. Plaintiff's objection merely reiterates the significance of the letter without addressing this contradiction. Dkt. 24 at 4. Thus, the ALJ's view that Dr. Orfaly failed to present sufficient medical evidence to support his opinion is supported by substantial evidence.

### 2. Consistency of Dr. Orfaly's Opinion with Other Evidence

The regulation further instructs that an opinion must be consistent with "evidence from other medical sources and nonmedical sources in the claim." 20 C.F.R. § 404.1520c (c)(2). The ALJ's view that Dr. Orfaly's opinions were inconsistent with other medical and non-medical sources is supported by substantial evidence. Dkt. 23 at 20. Among this evidence was the State Agency Doctor's ("Dr. Tulou") opinion, which Plaintiff's motion for summary judgment has already argued was "solely" relied upon by the ALJ. Dkt. 16 at 12. Judge Anderson's Recommendation thoroughly considered this argument, and found that the ALJ "considered relevant medical and non-medical evidence while evaluating the consistency of Dr. Orfaly's opinions," which included more than just Dr. Tulou's opinion. Dkt. 23 at 20-22. As noted by Judge Anderson, the ALJ considered the Plaintiff's testimony at the disability hearing, evidence from other medical care providers, and noted that the Plaintiff could testify effectively with an interpreter and was neurologically cleared to return for work. Dkt. 23 at 22. Thus, Plaintiff's objection, which repeats the argument that the ALJ relied "solely" on Dr. Tulou's opinions (Dkt. 24 at 5) is incorrect. Plaintiff's objection attempts to sidestep this by arguing that the ALJ pointed to no other "*medical* evidence in the record." Dkt. 24 at 6 (emphasis added). This ignores not only that the ALJ relied on other medical sources including brain imaging showing "no intracranial abnormality" and physical examinations showing "normal musculoskeletal and sensory function" (Dkt. 23 at 22), but also that the Court may consider evidence from both "medical sources and

non-medical sources." 20 C.F.R. § 404.1520c.  Plaintiff further objects to consideration of Dr. Tulou's opinion because Dr. Tulou did not have access to Dr. Orfaly's November 2018 letter or January 2020 medical source statement. Dkt. 24 at 5. Yet, this argument was raised in Plaintiff's motion for summary judgment (Dkt. 16 at 10) and addressed by Judge Anderson's Recommendation, which noted that the ALJ did not solely rely on Dr. Tulou's opinion or use it to replace Dr. Orfaly's.  In fact, Judge Anderson and the ALJ found that "Plaintiff's combination of conditions warranted additional limitations beyond those proposed by Dr. Tulou." Dkt. 23 at 20-21.

The ALJ's view that Dr. Orfaly's opinions were unsupported by the record is supported by substantial evidence.  While Dr. Orfaly predicted that Plaintiff could not tolerate low-stress jobs, Dr. Tulou found that Plaintiff retained the RFC for heavy or very heavy work.  Dkt. 23 at 20. Furthermore, Plaintiff's ability to testify with an interpreter contradicted Dr. Orfaly's finding that Plaintiff was unable to communicate, and Plaintiff's records showing normal musculoskeletal and sensory function contradicted Dr. Orfaly's finding that she was "limited to sedentary work." Dkt. 23 at 22.

After performing a de novo review of the record and Judge Anderson's Recommendation, the Court hereby APPROVES and ADOPTS the Recommendation. Dkt. 23. For these reasons, the Plaintiff's objection (Dkt. 24) is therefore OVERRULED.  Accordingly, it is hereby ORDERED that the Commissioner's final decision denying benefits for the period of November 6, 2017 through the date of the ALJ's decision on March 25, 2021 is AFFIRMED; and it is

FURTHER ORDERED that Plaintiff's Motion for Summary Judgment (Dkt. 15) is DENIED; and it is

FURTHER ORDERED that Defendant's Motion for Summary Judgment (Dkt. 18) is GRANTED.

The Clerk is directed to enter judgment in favor of Defendant pursuant to Federal Rule of Civil Procedure 58, forward copies of this Order to counsel of record, and close this civil action.

It is SO ORDERED.

Alexandria, Virginia
June 30, 2022

/s/
Rossie D. Alston, Jr.
United States District Judge